JOHNSON, Judge.
In these two consolidated appeals, it appears from the record on appeal that the two complaints each alleged the facts relating to the death of the deceased, and, inter alia, that there was a question of whether or not the defendant had Workmen’s Compensation Insurance as provided by law and that therefore this claim did not come within the provisions of the Workmen’s Compensation Act.
The defendant-appellee, filed motions to dismiss for the reason that the defendant had Workmen’s Compensation insurance and that under Florida Statutes Chapter 440 (Workmen’s Compensation) the court had no jurisdiction. These motions were correctly denied.
Interrogatories, request to produce (Workmen’s Compensation policy) and the depositions of the claims supervisor for Travelers Insurance Company, the Workmen’s Compensation carrier, and of the insurance producer for appellee, were filed before the Court. No answer was filed in either case, but identical motions for summary judgment were filed and upon a hearing were granted and summary final judgment entered.
In the request to produce a Workmen’s Compensation Policy was produced, in which there were certain exclusions of coverage. ■
In the deposition of appellee’s claims supervisor it is shown that there was no coverage in this case of the deceased.
The fact that there was a Workmen’s Compensation policy issued does not necessarily remove this case from the trial court’s jurisdiction. The question raised in the complaint is that of coverage and of damages. At the stage of the proceedings when the summary judgment was entered, there was, from the record before the court, a material fact of whether or not there was insurance coverage. The appel-lee-defendant and/or its carrier’s representative cannot assume two conflicting attitudes as to whether there was coverage or not.
We think this material question should have been raised by answer or some pleading in which the defendant would be required to take the position of whether it had the required Workmen’s Compensation coverage or not.
It was error to enter the final summary judgment without resolving this material fact.
Reversed and remanded for further proceedings not in conflict herewith.
RAWLS, C. J., and SPECTOR, J., concur.